UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

MARK MEDLEY            ]
    Petitioner,     ]
                       ]
v.                     ]     No. 3:06-0663
                       ]     Judge Trauger
GLEN TURNER            ]
    Respondent.    ]

M E M O R A N D U M

The petitioner, proceeding *pro se*, is an inmate at the Hardeman County Correctional Facility in Whiteville, Tennessee. He brings this action pursuant to 28 U.S.C. § 2254 against Glen Turner, Warden of the prison, seeking a writ of habeas corpus.

In March, 2003, the petitioner pled guilty in Rutherford County to the rape of a child. Docket Entry No. 14; Addendum No. 2; Exhibit No. 3. For this crime, he received a sentence of twenty (20) in prison, to run concurrently with a fifteen (15) year sentence he received in Cannon County for another rape. Having pled guilty, there was no direct appeal of the conviction.

The petitioner chose instead to file a *pro se* petition for state post-conviction relief. Docket Entry No. 14; Addendum No. 1 at pg. 2. Following the appointment of counsel and an evidentiary hearing, the trial court denied the petition. Docket Entry No. 14; Addendum No. 1 at pg. 36. On appeal, the Tennessee Court of Criminal Appeals affirmed the denial of post-conviction relief. Docket Entry No. 14; Addendum No. 5. The Tennessee Supreme Court later

1

denied the petitioner's application for further review. Docket Entry No. 14; Addendum No. 7.

On January 30, 2006, the petitioner filed the instant petition for writ of habeas corpus in the Western District of Tennessee. Docket Entry No. 4-2. By an order (Docket Entry No. 2) entered June 27, 2006, the petition was transferred to this judicial district.

In the petition, the petitioner asserts that his guilty plea was tainted by appointed counsel's ineffectiveness.[1] More specifically, it is claimed that petitioner's attorney was ineffective because he (1) did not familiarize himself with the law and the facts of the case; (2) did not attempt to suppress petitioner's statement (an apology letter written by the petitioner to the victim); and (3) misinformed the petitioner about the amount of prison time that he was facing should he go to trial.

Upon its receipt, the court conducted a preliminary examination of the petition and determined that the petitioner had stated a colorable claim for relief. Accordingly, an order (Docket Entry No. 7) was entered directing the respondent to file an answer, plead or otherwise respond to the petition. Rule 4, Rules - - - § 2254 Cases.

Presently pending before the court is the respondent's Answer (Docket Entry No. 13) to the petition. Upon consideration of the Answer and the expanded record, it appears that an evidentiary hearing is not needed in this matter. *See* Smith v. United States of America, 348 F.3d 545, 550 (6th Cir. 2003)(an evidentiary hearing is not required when the record conclusively shows that the petitioner is entitled to no relief). Therefore, the court shall dispose of the petition as the law and justice require. Rule 8(a), Rules - - - § 2254 Cases.

---

[1] The petitioner was represented by Jeffrey Burton, an Assistant Public Defender in Rutherford County.

A review of the record shows that the petitioner's claims have been fully litigated in the state courts and were found to be lacking in merit.[2] Docket Entry No. 14; Addendum No. 5. When a claim has been adjudicated on the merits in state court, the state court adjudication will not be disturbed unless it resulted in a decision contrary to clearly established federal law or involved an unreasonable application of federal law in light of the evidence. 28 U.S.C. § 2254(d); Nevers v. Killinger, 169 F.3d 352, 357 (6th Cir.1999). In order for a state adjudication to run "contrary to" clearly established federal law, the state court must arrive at a conclusion opposite to that reached by the United States Supreme Court on a question of law or decide a case differently than the United States Supreme Court on a set of materially indistinguishable facts. To grant the writ for an "unreasonable application" of federal law, the petitioner must show that the state court identified the correct governing legal principle involved but unreasonably applied that principle to the facts of the case. Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495, 1523, 146 L.Ed.2d 389 (2000). In short, state court judgments must be upheld unless, after an examination of the state court judgment, the court is firmly convinced that a federal constitutional right has been violated. Id., at 120 S.Ct. 1511.

The Sixth Amendment provides that a criminal defendant is entitled to the effective assistance of counsel. To establish a violation of this right, the petitioner bears the burden of pleading and proving that his attorney's performance was in some way deficient and that the defense was prejudiced as a result of the deficiency. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To demonstrate a deficiency in representation, the

---

[2] In Tennessee, a habeas petitioner need only take his claims to the Tennessee Court of Criminal Appeals in order to fully exhaust his available state court remedies. Rule 39, Tenn. Sup. Ct. Rules; Adams v. Holland, 324 F.3d 838 (6th Cir. 2003).

petitioner must show that his attorney failed to act within "an objective standard of reasonableness". Id., at 104 S.Ct. 2052. When attempting to set aside a guilty plea, prejudice is shown if it can be found that, but for counsel's deficiency, the petitioner would have insisted upon proceeding to trial. Hill v. Lockhart, 474 U.S. 52, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985). In analyzing an ineffective assistance claim, counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. Mallett v. United States, 334 F.3d 491, 497 (6th Cir. 2003).

The state courts applied the holding of Strickland, supra, to petitioner's ineffective assistance claims and found that counsel had, under the circumstances, acted reasonably and in a manner that did not prejudice the defense. The record supports these findings.

The petitioner first claims that counsel failed to familiarize himself with the law and the facts of the case. To illustrate this issue, the petitioner avers that counsel never personally interviewed the victim, did not explain to the petitioner the elements of a rape charge, and neglected to file any discovery motions.

At the post-conviction evidentiary hearing, counsel stated that he informed the petitioner "what the State would have to prove in order to establish his guilt of this charge."[3] Docket Entry No. 14; Addendum No. 2 at pg. 21. He further noted that in sex offender cases, "oftentimes I make copies of the statutes regarding the law and share it with them and go over it with them in those statutes." Docket Entry No. 14; Addendum No. 2 at pgs. 51-52. And while counsel did acknowledge that he had neither interviewed the victim nor filed discovery motions, he gave the

---

[3] In his post-conviction testimony, the petitioner stated that he did not understand the elements of a rape charge, even though this was the third time he had been charged with this particular offense. Docket Entry No. 14; Addendum No. 2 at pgs. 96-97.

4

following explanation :

> A    No. When we got appointed to him, it was prior to his plea day. And we rolled his plea day several times while we obtained additional information. And rolling his plea day was with the intention of trying to settle his case, not going to trial. Because at that point in time he had indicated he did not want a trial. That he wanted to try to negotiate a settlement. So, we were not at that stage.
>
> Had he wanted to go to trial, then we would have had a motion day - - - we would have set a motion day. And then we would have explored additional motions that we may have filed.

Docket Entry No. 14; Addendum No. 2 at pg. 17.

From the evidence gathered at the post-conviction hearing, the judge chose to accredit the testimony of counsel over that of the petitioner.[4] Since it does not appear that the petitioner was anxious to exercise his right to a speedy jury trial, any delay in interviewing witnesses and filing discovery motions that resulted from plea negotiations insisted upon by the petitioner was reasonable. Therefore, counsel was not deficient in this respect.

The petitioner also claims that his attorney was ineffective for failing to seek suppression of the apology letter (Docket Entry No. 14; Addendum No. 2; Exhibit No. 5) he wrote to the victim while in police custody.[5] Counsel testified that he had discussed the possibility of suppressing the apology letter with the petitioner and that it was decided to move for suppression

---

[4] During the evidentiary hearing, the petitioner admitted that he had lied under oath at the time he gave his guilty plea. Docket Entry No. 14; Addendum No. 2 at pg. 96. In light of this admission, the trial judge stated that he was finding it difficult to view the petitioner as a credible witness. Docket Entry No. 14; Addendum No. 2 at pgs. 109-110.

[5] While the petitioner alleges that the apology letter was subject to suppression because it was coerced, he did sign a waiver of his rights prior to writing the letter. *See* Docket Entry No. 14; Addendum No. 2; Exhibit No. 7.

5

of the letter if the case went to trial. Docket Entry No. 14; Addendum No. 2 at pgs. 34-35. The petitioner acknowledged that he had discussed suppression of the apology letter with counsel prior to the giving of his guilty plea. Docket Entry No. 14; Addendum No. 2 at pg. 87. Counsel did not act unreasonably by delaying his efforts to suppress the apology letter until after plea negotiations had been concluded. Accordingly, this issue has no merit.

Finally, the petitioner asserts that counsel was ineffective because he misinformed him about the amount of prison time he would be facing if he went to trial. During the plea hearing, the following exchange took place between the petitioner and counsel :

> Q      Mr. Medley, you and I discussed down at the jail - - -
>
> A      Yes, we did.
>
> Q      - - and talked about the penalties for rape of a child, is that correct?
>
> A      Yes, sir.
>
> Q      We discussed that it is a Class A Felony, is that correct?
>
> A      Yes, sir.
>
> Q      And during that time when we discussed that, did I tell you what the minimum sentence was?
>
> A      Yes, you did.
>
> Q      What did I tell you the minimum sentence for a Class A Felony was?
>
> A      15 years.
>
> Q      Yes, sir. What did I tell you the maximum sentence depending on what your prior criminal record was?
>
> A      60.

6

> Q  60 years. But in light of your prior record, you are probably looking at a 15 to 25 year sentence, correct?
>
> A  Yes, sir.
>
> Q  Okay. And we discussed the starting range for a 15 to 25 year sentence on a Class A Felony was how many years?
>
> A  20 to 25.
>
> Q  20 years. And the judge could increase it or decrease it depending on different factors that might apply in your case, correct?
>
> A  Yes, sir.
>
> Q  And we went over all that during our discussions at the jail, is that correct?
>
> A  Yes, sir.

Docket Entry No. 14; Addendum No. 2; Exhibit No. 3 at pgs. 5-6.

From this exchange, it is clear that counsel had fully informed the petitioner prior to the entry of his guilty plea as to the prison time he was potentially facing if he chose to proceed to trial. It does not appear, therefore, that counsel had been deficient in this respect. Moreover, the petitioner stated during the plea hearing that counsel had done everything that the petitioner had asked him to do, that he was "completely" satisfied with counsel's representation, and that his guilty plea was being entered "freely and voluntarily". Id., at pgs. 7-8. This claim, therefore, also lacks merit.

The state courts concluded that the petitioner had received the effective assistance of counsel. The petitioner has offered no clear and convincing evidence to rebut the presumption of correctness that must be accorded the factual findings made by the state courts. 28 U.S.C. § 2254(e)(1). Nor has the petitioner demonstrated in what way the legal analysis of the state courts

ran contrary to, or was an unreasonable application of, federal law. Accordingly, having carefully reviewed the record, the court finds that the petitioner has failed to state a claim upon which habeas corpus relief can be granted. Consequently, the petition will be denied and this action shall be dismissed. Rule 8, Rules - - - § 2254 Cases.

    An appropriate order will be entered.

 

_____
Aleta A. Trauger
United States District Judge

8

Case 3:06-cv-00663   Document 15   Filed 01/17/07   Page 8 of 8 PageID #: 326